IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMED KHEDR, : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> ELMWOOD STORE CORP. T/A LUCKY : <br> STAR FOOD MARKET, JABER : <br> ALSULAIMANI, SAMI ALSULAIMANI, : <br> MCCAINLAW, P.C., and JOSEPH EDWARD : <br> MCCAIN III, : <br> : <br> **Defendants.** : | No. <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Ahmed Khedr ("Plaintiff"), through his undersigned counsel, files this Complaint against Defendants Elmwood Store Corp. T/A Lucky Star Food Market ("Lucky Star"), Jaber Alsulaimani, Sami Alsulaimani, (Lucky Star and the Alsulaimanis are hereinafter the "Lucky Star Defendants"), McCainLaw P.C., and Joseph Edward McCain III ("McCain") (McCainLaw P.C. and McCain are hereinafter the "McCain Defendants").

This action arises out of Plaintiff's wage-and-hour action (the "Overtime Action") filed in the Philadelphia Court of Common Pleas against the Lucky Star Defendants for their failure to pay Plaintiff an overtime premium for hours worked in excess of forty in a workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

Since the initiation of the Overtime Action, Defendants have engaged in a wide range of illegal retaliation, both within and outside of the legal system. Defendants' retaliatory acts include, but are not limited to, filing a baseless private criminal complaint against Plaintiff Khedr, filing a

baseless breach of contract action against Plaintiff Khedr, threatening and then following through on the threat to file a baseless and baldly legally insufficient complaint against Plaintiff Khedr in this Court, repeatedly making public assertions in court filings about Plaintiff Khedr's alleged immigration status where such allegations have no legal relevance, threatening harm to Plaintiff Khedr, his wife, and his father, and engaging in harassing conduct in written discovery and at Plaintiff Khedr's deposition in the Overtime Action.

These actions, among others alleged in this complaint, present violations of the FLSA, 29 U.S.C. § 215(a), abuse of process under Pennsylvania common law, and intentional infliction of emotional distress under Pennsylvania common law.

## PARTIES

*Plaintiff Ahmed Khedr*

1. Plaintiff Ahmed Khedr ("Plaintiff Khedr") is a resident of Pennsylvania who filed a state court action under the FLSA and PMWA against Lucky Star Defendants on July 16, 2024.

2. Plaintiff Khedr was employed by Lucky Star Defendants from approximately 2017 through October 2023. During that timeframe, Plaintiff Khedr was an employee of Lucky Star Defendants within the meaning of the FLSA and the PMWA. *See* 29 U.S.C. § 203(e); 43 P.S. § 333.103(h).

*Defendant Elmwood Store Corp. t/a Lucky Star Food Market*

3. Defendant Elmwood Store Corp. t/a Lucky Star Food Market ("Defendant Lucky Star") is a Pennsylvania corporation with a registered address of 7329 Elmwood Avenue, Philadelphia, PA 19142.

4. Defendant Lucky Star is a 24-hour convenience store that also operates a kitchen.

5. Upon information and belief, at all relevant times Defendant Lucky Star had annual gross sales that exceeded $500,000.

6. Defendant Lucky Star employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

7. Defendant Lucky Star employed Plaintiff Khedr within the meaning of the FLSA and the PMWA between approximately 2017 and October 2023. *See* 29 U.S.C. § 203(d); 43 P.S. § 333.103(g).

*Defendant Jaber Alsulaimani*

8. Upon information and belief, Defendant Jaber Alsulaimani is a resident of Pennsylvania.

9. At all relevant times, Defendant Jaber Alsulaimani held and exercised the authority to discipline, hire, and fire employees of Defendant Lucky Star, including Plaintiff, and he acted directly or indirectly in the interest of Defendant Lucky Star. Defendant Jaber Alsulaimani also had the authority to determine employees' rate and method of payment, as well as employees' work schedules.

10. At all relevant times, Defendant Jaber Alsulaimani was an employer within the meaning of the FLSA and the PMWA. *See* 29 U.S.C. § 203(d); 43 P.S. § 333.103(g).

*Defendant Sami Alsulaimani*

11. Upon information and belief, Defendant Sami Alsulaimani is a resident of Pennsylvania.

12. At all relevant times, Defendant Sami Alsulaimani held and exercised the authority to discipline, hire, and fire employees of Defendant Lucky Star, including Plaintiff, and he acted directly or indirectly in the interest of Defendant Lucky Star. Defendant Sami Alsulaimani also had the authority to determine employees' rate and method of payment, as well as employees' work schedules.

13. At all relevant times, Defendant Sami Alsulaimani was an employer within the meaning of the FLSA and the PMWA. *See* 29 U.S.C. § 203(d); 43 P.S. § 333.103(g).

*Defendant McCainLaw P.C.*

14. McCainLaw P.C. is a Pennsylvania corporation with a registered address of 912 North 29th Street, Philadelphia, PA 19130. McCainLaw P.C.'s current operational address is 1515 Market Street, Suite 1200, Philadelphia, PA 19102.

15. Since at least August 22, 2025, McCainLaw P.C. has represented Lucky Star Defendants in wage-and-hour litigation brought against them in state court by Plaintiff Khedr.

16. Since at least August 22, 2025, McCainLaw P.C. has acted directly or indirectly in the interest of Lucky Star Defendants in relation to Plaintiff Khedr.

17. McCainLaw P.C. is a "person" as defined by Section 203(a), and within the meaning of Section 215(a) of the FLSA.

*Defendant Joseph Edward McCain, III*

18. Upon information and belief, McCain is a resident of Delaware.

19. McCain is the owner of McCainLaw P.C.

20. Since at least August 22, 2025, McCain has represented Lucky Star Defendants in wage-and-hour litigation brought against them in state court by Plaintiff Khedr.

21. Since at least August 22, 2025, McCain has acted directly or indirectly in the interest of Lucky Star Defendants in relation to Plaintiff Khedr.

22. McCain is a "person" as defined by Section 203(a), and within the meaning of Section 215(a) of the FLSA.

23. McCain's actions, as described in this Complaint, were taken in his role as owner of McCainLaw P.C.

## JURISDICTION AND VENUE

24. This Court has original subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331.

25. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The state law claims form part of the same case or controversy as the FLSA claim under Article III of the United States Constitution.

26. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## FACTS

27. From approximately 2017 to October 2023, Lucky Star Defendants employed Plaintiff Khedr. Plaintiff Khedr worked more than forty hours per week, but was not paid an overtime premium of time-and-a-half his hourly rate of pay as required by the FLSA and the PMWA. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

28.     On July 16, 2024, Plaintiff Khedr filed the Overtime Action in the Philadelphia Court of Common Pleas, alleging violations of the FLSA and the PMWA. The case was docketed at No. 240701565. McCain Defendants represent Lucky Star Defendants in the Overtime Action.[1]

29.     On August 21, 2024, Lucky Star Defendants answered the Overtime Action. Lucky Star Defendants' Answer makes repeated reference to Plaintiff Khedr's alleged "immigration status," and accuses him of working without legal authorization—these statements are irrelevant as to Lucky Star Defendants' liability under the FLSA and the PMWA. The Overtime Action Complaint and Lucky Star Defendants' Answer are attached as Exhibit A to this Complaint.

30.     On February 6, 2025, Lucky Star Defendants served Requests for Production of Documents, seeking "Ahmed Khedr's tax returns for the past seven (7) years" and "[a]ny and all documents related to Ahmed Khedr's current immigration status in the United States of America." Plaintiff Khedr produced responsive tax returns; the state court entered an order prohibiting inquiry into Plaintiff Khedr's immigration status.

31.     Among the tax documents that Plaintiff Khedr produced in discovery were the following: (1) IRS Forms 4852, "Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.," ("IRS Form 4852" or "Substitute for Form W-2") for multiple tax years, including tax year 2023; (2) substitute W-2s for those same tax years, including tax year 2023; and (3) Forms 1099-NEC issued to Plaintiff Khedr by Defendant Lucky Star for multiple tax years, including tax year 2022. These documents are attached as Exhibit B to the Complaint.

---

[1] Lucky Star Defendants were initially represented by Mark Copoulos; McCain entered his appearance on August 22, 2025, and Copoulos subsequently withdrew his appearance.

32. On April 16, 2025, Defendant Sami Alsulaimani filed a baseless breach of contract action against Plaintiff Khedr in the Philadelphia County Court of Common Pleas.[2] The breach of contract action was docketed at No. 250402042, but was eventually consolidated with the Overtime Action. McCain Defendants represent Sami Alsulaimani in the breach of contract action.[3]

33. On May 20, 2025, Sami Alsulaimani filed a Private Criminal Complaint against Plaintiff Khedr in Philadelphia Municipal Court.

   a. The Private Criminal Complaint charged Plaintiff Khedr with Terroristic Threats. *See* 18 Pa. C.S. § 2706.

   b. The factual allegations contained in the Private Criminal Complaint are false.

   c. On approximately August 13, 2025, the Private Criminal Complaint was withdrawn by the Philadelphia District Attorney's Office.

34. In approximately August 2025, Sami Alsulaimani contacted Plaintiff Khedr's wife by sending her mail, and by directing Sami Alsulaimani's brother to call her over the phone. Through these communications, Sami Alsulaimani conveyed threats of harm to Plaintiff Khedr and his wife, if Plaintiff Khedr refused to withdraw the Overtime Action.

35. In approximately August 2025, Sami Alsulaimani contacted Plaintiff Khedr's father. Sami Alsulaimani conveyed threats of harm to Plaintiff Khedr and to Plaintiff Khedr's father, if Plaintiff Khedr refused to withdraw the Overtime Action.

---

[2] As with the Overtime Action, Sami Alsulaimani was initially represented by Mark Copoulos with respect to his breach of contract claim. *See supra* note 1.

[3] Plaintiff Khedr reserves his right to file an action for wrongful use of civil proceedings under 42 Pa. C.S. § 8351, once the breach of contract claim is dismissed.

36. On December 11, 2025, McCain deposed Plaintiff Khedr. The deposition occurred through an interpreter. McCain used the deposition to intimidate Plaintiff Khedr and to inquire repeatedly about Plaintiff Khedr's tax filings. Throughout the deposition, McCain screamed at Plaintiff Khedr, accused Plaintiff Khedr of "lying to the IRS," and accused Plaintiff Khedr of "forg[ing] documents."

37. On Saturday, December 13, 2025, McCain sent an email to Plaintiff Khedr's counsel under the subject line, "**KHEDR v. ELMWOOD STORE, et al   URGENT**" (boldface in original).

38. The December 13, 2025, email read, in full:

> RYAN - THIS MESSAGE IS URGENT! I need to speak with you in person either Monday or Tuesday of next week regarding the above-mentioned matter. Please let me know what time you are available on either date and will adjust my schedule accordingly. I will not discuss with you via email, phone or any other communication. If we do not speak in person, I will have no choice [sic] to proceed as necessary.

(orange-colored text in original). The December 13, 2025, email is attached as Exhibit C to this Complaint.

39. On December 19, 2025, McCain hand delivered a draft complaint (the "Draft Criminal Complaint"). The Draft Criminal Complaint is attached as Exhibit D to this Complaint.

   a. The Draft Criminal Complaint is drafted under the heading of the U.S. District Court for the Eastern District of Pennsylvania.

   b. The Draft Criminal Complaint accuses Plaintiff Khedr of creating "forged" tax documents.

   c. The Draft Criminal Complaint asserts counts of "Forgery" and "Fraud." The Draft Criminal Complaint identifies no civil cause of action for a claim of "Forgery," and to Plaintiff's knowledge, no such cause of action exists. The Draft Criminal

        Complaint provides no information about the "Fraud" claim, as the space following the title of the claim is left blank.

    d. The Draft Criminal Complaint refers repeatedly to Plaintiff Khedr's alleged immigration status.

    e. The Draft Criminal Complaint seeks, *inter alia*, "[a]n Order directing the U.S. Attorney General's Office to indict Defendants with felony charges for intentionally acting in violation of [various] criminal statutes[.]"

    f. The factual allegations contained in the Draft Criminal Complaint are materially false.

40. Upon delivery of the Draft Criminal Complaint, Defendants offered to pay Plaintiff Khedr $5,000 and refrain from filing the Draft Criminal Complaint in exchange for withdrawal of the Overtime Action. Plaintiff Khedr, through counsel, rejected the invitation to be extorted.

41. On January 21, 2026, Defendants initiated a lawsuit in this Court against Plaintiff Khedr by filing a complaint (the "Federal Criminal Complaint") that mirrors in large part the Draft Criminal Complaint. The Federal Criminal Complaint was docketed at 26-cv-00384-WB. The Federal Criminal Complaint and the exhibits that were filed with it are attached as Exhibit E to this Complaint.

    a. The Federal Criminal Complaint accuses Plaintiff Khedr of creating "forged" tax documents.

    b. The Federal Criminal Complaint refers repeatedly to Plaintiff Khedr's alleged immigration status.

    c. The Federal Criminal Complaint asserts counts of "Forgery" and "Fraud." The Federal Criminal Complaint identifies no civil cause of action for a claim of "Forgery," and to Plaintiff's knowledge, no such cause of action exists.

    d. The Federal Criminal Complaint seeks, *inter alia*, "[a]n Order directing the U.S. Attorney General's Office to indict Defendants with felony charges for intentionally acting in violation of [various] criminal statutes[.]"

    e. The Federal Criminal Complaint attaches certain exhibits, including the substitute W-2 for tax year 2023 produced by Plaintiff Khedr in discovery in the Overtime Action. The Federal Criminal Complaint does not attach the IRS Form 4852 for tax year 2023 that Plaintiff Khedr produced in discovery in the Overtime Action.

    f. The factual allegations contained in the Federal Criminal Complaint are materially false.

## COUNT I
### Violation of the Fair Labor Standards Act
### (All Defendants)

42. All previous paragraphs are incorporated as though fully set forth herein.

43. At all relevant times, the FLSA applied to Plaintiff Khedr's employment with Lucky Star Defendants.

44. Section 215(a)(3) of the FLSA prohibits "any person" from retaliating against an employee because he or she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA.

45. Section 216(b) of the FLSA establishes a cause of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title[.]"

46. Section 203(d) of the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," save for labor organizations.

47. Since at least August 22, 2025, McCain Defendants, as Lucky Star Defendants' attorney and agent, acted in the interest of Lucky Star Defendants in relation to Plaintiff Khedr. As such, McCain Defendants are "employers" within the meaning of Section 203(d) for purposes of liability to suit under Section 216(b).

48. The Overtime Action constituted a "complaint" alleging Lucky Star Defendants' violation of rights protected by the FLSA, and constituted protected activity under the FLSA.

49. Defendants' actions, including but not limited to the filing of the Private Criminal Complaint, the filing of the state court breach of contract action, the threat to file the Draft Criminal Complaint, the actual filing of the Federal Criminal Complaint, the repeated references to Plaintiff Khedr's alleged immigration status in public court filings where such allegations had no legal relevance, the threats communicated to Plaintiff Khedr's wife and father, the harassing written discovery, and the harassing conduct at Plaintiff Khedr's deposition, constituted retaliation within the meaning of Section 215(a)(3), as these actions were undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

50. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff Khedr has suffered and continues to suffer emotional distress, and has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

51. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff Khedr. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff Khedr's rights. The acts

taken toward Plaintiff Khedr were carried out in a deliberate, callous, and intentional manner with a desire to injure and damage.

52. Pursuant to § 216(b) of the FLSA, Plaintiff Khedr is entitled to legal and equitable relief, including declaratory relief, compensatory and punitive damages, as well as his reasonable attorneys' fees and costs.

**COUNT II**
**Abuse of Process**
**(All Defendants)**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Defendants used legal processes, including written discovery and depositions, against Plaintiff Khedr, primarily to accomplish a purpose for which those processes were not designed.

55. The improper purposes include intimidation of Plaintiff Khedr, and the preparation and/or filing of the Federal Criminal Complaint.

56. As a result of Defendants' conduct, Plaintiff Khedr suffered harm.

57. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff Khedr. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff Khedr's rights. The acts taken towards the Plaintiff were carried out by Defendants acting in a deliberate, callous, and intentional manner with a desire to injure and damage.

58. Plaintiff Khedr is entitled to recover compensatory and punitive damages in an amount to be proven at trial.

## COUNT III
### Intentional Infliction of Emotional Distress
### (All Defendants)

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Defendants' conduct was extreme and outrageous, and Defendants intended to cause Plaintiff Khedr emotional distress and/or acted with reckless disregard of the probability that Plaintiff Khedr would suffer emotional distress.

61. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff Khedr suffered and continues to suffer severe emotional distress, and Defendants' conduct was a substantial factor in causing Plaintiff Khedr's severe emotional distress.

62. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff Khedr. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff Khedr's rights. The acts taken towards the Plaintiff were carried out by Defendants acting in a deliberate, callous, and intentional manner with a desire to injure and damage.

63. Plaintiff Khedr is entitled to recover compensatory and punitive damages in an amount to be proven at trial.[4]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Khedr respectfully seeks the following relief:

---

[4] In addition to the three counts asserted herein, McCain's conduct represents repeated violations of the Pennsylvania Rules of Professional Conduct, including but not limited to Rules 3.4(a), 3.4(d), 4.4(a), and 8.4(d). *See* Philadelphia Bar Association Professional Guidance Committee, Formal Opinion 2025-1.

64. For declaratory judgment that Defendants' actions complained of herein violated Plaintiff Khedr's rights under the FLSA, including the right to be free from retaliation for the assertion of rights protected by the FLSA.

65. For an award of compensatory damages in an amount to be proven at trial.

66. For an award of punitive damages in an amount to be proven at trial.

67. For a preliminary and permanent injunction ordering Defendants to cease the unlawful practices herein alleged.

68. For an award of reasonable attorneys' fees and costs of suit.

69. For an award of pre- and post-judgment interest as authorized by law.

70. For any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

*/s/ Samuel H. Datlof*
Ryan Allen Hancock (PA Bar No. 92590)
Samuel H. Datlof (PA Bar No. 324716)
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3613
rhancock@wwdlaw.com
sdatlof@wwdlaw.com

Dated: February 24, 2026                                    *Attorneys for Plaintiff Ahmed Khedr*