**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AHMED KHEDR** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ELMWOOD STORE CORP. trading as LUCKY STORE FOOD MARKET, JABER ALSULAIMANI, SAMI ALSULAIMANI MCCAINLAW, P.C., JOSEPH EDWARD MCCAIN, III** | : | **NO. 26-1177** |

**MEMORANDUM OPINION**

**Savage, J.** **August 24, 2026**

In this action for retaliation under the Fair Labor Standards Act (FLSA), we must decide whether the defendants' retaliatory conduct against a former employee for having filed an overtime wage lawsuit after he had left his employment is an adverse employment action under the FLSA. Plaintiff Ahmed Khedr has named as defendants his former employer, Elmwood Store Corporation, trading as Lucky Star Food Market; its principals, Jaber Alsulaimani and Sami Alsulaimani (the Lucky Star defendants); and the law firm and the attorney representing them in the overtime wage case, McCainLaw P.C. and Joseph Edward McCain, III (McCain defendants).[1]

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Khedr, as a former employee, has failed to allege facts necessary to establish a retaliation claim in violation of the FLSA, 29 U.S.C. § 215(a)(3).[2] They contend Khedr does not allege any adverse employment actions taken against him that are causally

[1] Compl. 1.

[2] Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [Defs.' Mot. Dismiss] 5, ECF No. 14.

linked to his having filed the underlying action.[3] They point out that the alleged retaliatory conduct occurred after his employment had ended.[4]

We conclude that because the alleged retaliatory conduct did not affect Khedr's current or future employment opportunities, he did not suffer an adverse employment action. Consequently, he has not alleged facts satisfying an element of an FLSA retaliation cause of action. Therefore, we will grant the motion to dismiss.

**Background**

Khedr worked for Lucky Star from 2017 to 2023.[5] On July 16, 2024, nine months after his employment had ended, he filed an action in the Philadelphia County Court of Common Pleas for violations of the FLSA and the Pennsylvania Minimum Wage Act against the Lucky Star defendants.[6] The McCain defendants represent the Lucky Star defendants in the overtime wage case.[7]

Khedr contends defendants have since retaliated against him for filing that lawsuit. The alleged retaliatory acts arise from the defendants' conduct in the overtime wage litigation and the Alsulaimanis' actions calculated to intimidate Khedr into ending the litigation.

With respect to the litigation misconduct, Khedr complains of the following. The defendants' answer to the complaint in the underlying litigation made repeated irrelevant references to his alleged immigration status and accused him of working without legal

---

[3] Defs.' Mot. Dismiss 7–8.

[4] *Id.*

[5] Compl. ¶ 27.

[6] *Id.* ¶ 28.

[7] *Id.* The overtime action has a trial date of September 7, 2026.

authorization.[8] They requested production of documents, seeking tax returns for the past seven years and documents related to his current immigration status.[9] While deposing Khedr, McCain intimidated him and repeatedly questioned him about his tax filings.[10] Throughout the deposition, McCain screamed at Khedr and accused him of lying to the IRS and forging documents.[11] The defendants also initiated a frivolous lawsuit in federal court against Khedr, alleging he used forged and counterfeit IRS documents in pursuit of his FLSA overtime wage claim.[12]

Khedr also alleges retaliatory conduct beyond the FLSA litigation as follows. Defendant Sami Alsulaimani filed a breach of contract action against Khedr in the Philadelphia County Court of Common Pleas, which was consolidated with the overtime wage action,[13] and a private criminal complaint against him in Philadelphia Municipal Court which was ultimately withdrawn.[14] Sami contacted Khedr's wife and father by mail, and directed his brother to make a threatening call to Khedr's wife, all in an effort to get him to withdraw the overtime wage action.[15]

## Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[8] Compl. ¶ 29.

[9] *Id.* ¶ 30.

[10] *Id.* ¶ 36.

[11] *Id.*

[12] *Id.* ¶ 41. The Lucky Star defendants voluntarily dismissed the federal lawsuit on June 29, 2026.

[13] *Id.* ¶ 32.

[14] *Id.* ¶ 33.

[15] *Id.* ¶ 34.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A conclusory recitation of the elements of a cause of action is not sufficient. *Oakwood Labs. LLC v. Thanoo,* 999 F.3d 892, 904 (3d Cir. 2021). The plaintiff must allege facts necessary to make out each element. *Id.* We disregard mere recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *Id.* (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). The complaint must contain facts which support the conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim. *Id.* Accepting the well-pleaded facts as true and disregarding legal conclusions, we determine whether the alleged facts make out a plausible claim for relief. *Id.* (citing *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

**Analysis**

To state a cause of action for post-employment FLSA retaliation, the plaintiff must allege facts showing that: (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) the adverse employment action was causally linked to plaintiff's protected activity. *Hayes v. Saltz, Mongeluzzi & Bendesky,*

*P.C.*, 652 F. Supp. 3d 537, 542 (E.D. Pa. 2023).

There is no dispute that Khedr engaged in protected activity. He filed an FLSA action against his former employer for overtime wages. The anti-retaliation provision of the FLSA specifically prohibits an employer from retaliating against an employee for having "filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3).

Khedr's claim fails for want of an adverse employment action. He was no longer employed by the Elmwood Store Corporation when he filed his FLSA overtime wage lawsuit. Therefore, his retaliation claim rests upon post-termination conduct.

Khedr must show that any post-termination action was materially adverse to a reasonable employee or job applicant. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). That means the employer's conduct must have caused harm to his employment opportunities. *Nelson v. Upsala Coll.*, 51 F.3d 383, 387, 388 n.6 (3d Cir. 1995). Material post-termination conduct includes giving false references to prospective employers and interfering with the former employee's current job. *See id.* at 387–88.

Khedr does not allege any action the defendants took that interfered with or adversely affected his employment status or opportunities. What he characterizes as retaliation is litigation misconduct in his pending FLSA overtime wage case and personal interactions with the Alsulaimanis. That is not enough. Although some alleged actions taken by the defendants were retaliatory, there is nothing that indicates they had any effect on Khedr's existing or future job opportunities. Thus, Khedr has not alleged facts which, if proven, would establish a material adverse employment action.

Another reason to dismiss the FLSA count is that it should have been consolidated with the state court action. Khedr brought his FLSA overtime claim in state court where it is still pending.[16] Although the defendants could have removed the state court action, they did not. 28 U.S.C. § 1441. And now it is too late.

Of particular concern are the numerous allegations of retaliation that involve the conduct of defendants in litigating the underlying state action. The state court is the appropriate authority to address such misconduct. Allowing the FLSA retaliation cause of action to proceed independently of the underlying overtime action invites redundant litigation, inconsistent rulings, and waste of judicial resources. We will not permit the retaliation claim to proceed here.

Khedr may argue that the claims could not have been brought together because the retaliation did not occur until after he instituted the state court action. That is correct. But, that did not preclude consolidation. Khedr could have moved to amend his complaint in state court to add a retaliation claim.

Because Khedr has failed to allege a material adverse employment action, we will dismiss his FLSA retaliation cause of action. We will also decline to exercise supplemental jurisdiction over his state law causes of action.

In any case in which a district court has original jurisdiction over one claim, the court has supplemental jurisdiction over state law claims arising from the same case or controversy. 28 U.S.C. § 1367(a); *De Ascensio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003). But a district court may decline to exercise supplemental jurisdiction over a non-federal claim if the district court has dismissed all claims over which it has original

[16] State courts and federal courts have concurrent jurisdiction over actions brought under the FLSA. 29 U.S.C. § 216(b).

jurisdiction. 28 U.S.C. § 1367(c)(3). Here, we are dismissing the FLSA retaliation claim, the only claim over which we have original jurisdiction. Thus, we decline to exercise supplemental jurisdiction over the state law claims.

## Conclusion

The FLSA claim is dismissed for failure to state a cause of action. Because the federal claim under the FLSA is dismissed, we decline to exercise supplemental jurisdiction over the state law claims.